SECRETARY OF THE TREASURY, Appellant, *v.* THE REGISTRAR OF PROPERTY, MIGUEL R. AGUILÓ, Respondent.

No. G-65-3. Decided June 30, 1965.

J. B. *Fernández Badillo, Solicitor General,* and J. F. *Rodríguez Rivera, Assistant Solicitor General,* for appellant. The registrar appeared by brief.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Dávila, and Mr. Justice Ramírez Bages.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

On October 7, 1964 the respondent registrar refused to record a certificate of purchase of real estate presented by appellant, Secretary of the Treasury, by virtue of which two urban properties located in the municipality of Ponce were adjudicated to the Commonwealth of Puerto Rico, as belonging to Laura Gerardino Villanueva, after a distraint proceeding for the collection of income taxes. Said refusal was notified on March 23, 1965. This appeal was filed on April 12, 1965. In his note the registrar set forth two grounds for refusing to record, to wit: (1) "the property does not appear attached for the collection of the debt which gave rise to the proceeding in this case, and (2) that the property appears

recorded in behalf of Laifra Corporation, a person other than the delinquent taxpayer Laura Gerardino, this being contrary to the provisions of § 20 of the Mortgage Law and to the rulings in the cases of *Monge* v. *The Registrar*, 22 P.R.R. 274, *Igaravídez* v. *Registrar of Property*, 16 P.R.R. 655, *Morales* v. *Registrar of Property*, 15 P.R.R. 680, *Alonzo* v. *Registrar of Property*, 15 P.R.R. 34, and *Gavarain* v. *Registrar of Property*, 14 P.R.R. 119."

Appellant adduces, in synthesis, that the registrar ignored and denies validity to the contents of the aforesaid certificate, and likewise ignores the entry in the registry, to the effect that an attachment was levied as authorized by law for the collection of the tax in question, and notice was served on Laura Gerardino, Laifra Corporation, and Alberto Gerardino, attorney at law, as interested parties, so that there was no question of third parties concerning registration. He also states, as to the second ground of the registrar, that "pursuant to § 423 of the Income Tax Act of 1954 (13 L.P.R.A. § 3423), the character of preferred lien which the State has over all the real property and rights of the taxpayer as of the date the (income) tax receipts are in the hands of the collector," authorizes the latter, in the distraint proceeding to subject the attached property of the taxpayer to the results of the steps taken for collection, despite the fact that a private individual, fully aware of the lien, may acquire said property.

According to the books of the registry, the collector's certificate concerning the *attachment* of the property in question, within the distraint proceeding initiated by the collector for the payment of income taxes for the sum of $31,605.95 owed by Laura Gerardino, corresponding to the years 1941 to 1945, *was presented on May 19, 1958*, the order having been signed the 20th of said month and year. The petition *for its cancellation was presented on May 21, 1962* and signed

by the acting registrar on June 22, 1962. *The properties* in question *were sold by Laura Gerardino to Laifra Corporation on June 27, 1961 and April 18, 1962, respectively,* the deeds verifying these transactions having been *presented in the registry on July 3, 1961 and April 21, 1962. The certificate which gives rise to this appeal was signed by the Collector. of Internal Revenue on August 22, 1962.* It appears therefrom that (1) *the Commonwealth acquired the properties in question* at a tax sale held on *June 26, 1962,* and (2) that notice of the attachment to secure the collection of the tax which gave rise to said public auction was personally served on May 27, 1958 and January 31, 1962 on Laura Gerardino as owner of the attached property, and on January 31, 1962 on Laifra Corporation and Alberto Gerardino, as interested parties.

 It is true that § 423 (a) (1) of the Income Tax Act of 1954 (13 L.P.R.A. § 3423 (a) (1)) provides that the amount of said taxes shall constitute a preferred lien in favor of the Commonwealth of Puerto Rico over all the real property and rights of the taxpayer as of the date on which the tax receipts are in the hands of the collector. However, subdivision (a) (2) of the same section provides that *said lien shall be invalid against a purchaser until the Secretary has recorded the attachment referred to in subdivision (b) of this section.* In such case the lien shall be valid and be preferred only from and after the date of such notation or inscription. Subdivision (b) of the section in question establishes that the aforesaid taxes shall be collected by the Secretary of the Treasury by means of the same proceeding of distraint established by law for the collection of property taxes; that as soon as such taxes have been assessed, the Secretary may order the corresponding collector to *proceed with the attachment in accordance with the distraint proceeding* of any real property of the taxpayer to insure or make effective the collection of such taxes. Section 388C of

the Mortgage Law (30 L.P.R.A. § 705) provides that on their own motion or at the request of a party, registrars of property shall cancel entries of attachment by reason of taxes, after the lapse of four years from the date of the entry. The distraint proceeding previously referred to requires that an attachment of the personal property of the delinquent taxpayer be recorded in the registry of property and after receiving the order or certificate of the said attachment, the collector or agent should notify the owner of the attached property in the sense that if all the delinquent taxes, penalties, and costs are not paid within the period of time fixed, the attached property shall be sold at public auction. This notice by itself does not commence the proceeding for collection. It is considered commenced when the property of the taxpayer is attached for the collection of taxes. Political Code, §§ 335, 339, 340, 341, 342, 343 (13 L.P.R.A. §§ 502, 506, 507, 508, 509, and 510). *Bianchi* v. *Treasurer*, 47 P.R.R. 54 (1934).

■ It is true, as the respondent registrar points out, that when the edicts of the auction were published in this case on June 18, 20, and 22, 1962 in the newspaper El Mundo and on June 19, 21, and 23, 1962 in El Imparcial, and consequently, when the auction was carried out and appellant awarded the property to himself on June 26, 1962 (as it appears from the certificate which gives rise to this appeal), the attachment had already been canceled. However, the purchaser of the properties in question acquired them on June 27, 1961 and April 18, 1962, when it was still effective, and therefore, acquired them subject to that lien. It should be asked, therefore, what was the effect of such cancellation over the rights of the purchaser?

■ The registrar states that as it appears from the registry that the attachment was canceled by virtue of the provisions of § 388C of the Mortgage Law, and the attach-

ment being a prerequisite of the distraint proceeding and that the attachment is preferred only from the date of its inscription—which was canceled—§ 20 of the Mortgage Law is applicable because the distraint proceeding for the collection of income taxes having been commenced, the properties do not appear attached but recorded in the name of another person. He is right. In *Llinás* v. *Registrar of Ponce*, 33 P.R.R. 885 (1925), we said that it was the intention of our Legislature *to extinguish* by operation of law all of the mentions and liens comprised in Act No. 12 of August 29, 1923, which by a subsequent amendment includes the aforesaid § 388C of the Mortgage Law and that "by the lapse of the different periods of time stated such defects as may exist in the titles by reason of the said liens may disappear, based, no doubt, on the theory of prescription whose purpose is to give stability to titles and prevent and put an end to litigation." We reaffirmed this doctrine in *Aguilar* v. *Registrar*, 57 P.R.R. 598, 602 (1940), in *Hernández* v. *Registrar*, 54 P.R.R. 656 (1939), and in *Pagán* v. *Registrar*, 40 P.R.R. 470, 472 (1930). The cancellation extinguishes the recorded right; its direct purpose is to wipe off the former inscription and once it has been extinguished it is as if it had not existed. Cancellation under § 388C of the Mortgage Law produces extinguishment of the attachment for taxes. *Llenza* v. *Banco de Ponce*, 85 P.R.R. 764, 780 (1962); III Galindo y Escosura, *Comentarios a la Legislación Hipotecaria de España* 10; III Morell y Terry, *Comentarios a la Legislación Hipotecaria* 370–372. Therefore, the notice of attachment in question having been canceled by virtue of the provision of the aforesaid § 388C of the Mortgage Law, appellant could not conclude a distraint proceeding based on said attachment, but rather he was bound to reattach before proceeding to sell at auction the property for the purposes of collecting the delinquent taxes by means of the distraint proceeding. But he could no longer take steps for reattachment in the registry

since the property appeared recorded then in the name of another person. In other words, under the circumstances of this case the distraint proceeding is not the proper remedy to make effective any tax right which appellant may have.

For the reasons stated, the registrar's note will be affirmed.